1  **RICHARD R. TERZIAN,** State Bar No. 030300
   **rterzian@bftlegal.com@bftlegal.com**
2  **ROBERT J. TYSON,** State Bar No. 187311
   **rtyson@bftlegal.com@bftlegal.com**
3  **BANNAN, FRANK & TERZIAN LLP**
4  555 S. Flower Street, Suite 2700
5  Los Angeles, California 90071
   Telephone (213) 362-1177
6  Facsimile (213) 362-1188

7
   Attorneys for Defendants
8  CRC Health Corporation
9  and Sober Living By The Sea, Inc.

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  CONCERNED CITIZENS OF          )   Case No.  CV-00192-JS-RNB
    NEWPORT BEACH,                 )
14                                 )
                                   )
15            Petitioner and       )   ANSWER OF DEFENDANTS
              Plaintiff,           )   SOBER LIVING BY THE SEA,
16                                 )   INC. AND CRC HEALTH
                                   )   CORPORATION TO FIRST
17       vs.                       )   AMENDED VERIFIED
                                   )   PETITION FOR WRIT OF
18  CITY OF NEWPORT BEACH; CITY    )   MANDATE AND COMPLAINT
19  COUNCIL OF THE CITY OF         )
    NEWPORT BEACH;                 )
20  MORNINGSIDE RECOVERY, LLC;     )
    SOBER LIVING BY THE SEA,       )
21  INC.; CRC HEALTH GROUP, INC.;  )
22  PACIFIC SHORES RECOVERY;       )
    OCEAN RECOVERY, LLC;           )
23  BALBOA HORIZONS RECOVERY       )
24  SERVICES, LP; NEWPORT          )
    COAST RECOVERY, LP; THE        )
25  KRAMER CENTER AT NEWPORT       )
26  BEACH; THE SHORES             )
    TREATMENT AND RECOVERY;        )
27  MIRAMAR HEALTH, INC.;          )
28  NARCANON SOUTHERN              )

                          1

1 | CALIFORNIA; and DOES 1 to 300, inclusive,

2

3 |         Respondents and Defendants.

4

5 | CITY OF NEWPORT BEACH, and CITY COUNCIL OF THE CITY OF

6 | NEWPORT BEACH,

7

8 |         Defendants and Cross-Claimants,

9

10 |     Vs.

11 | MORNINGSIDE RECOVERY, LLC; SOBER LIVING BY THE SEA,

12 | INC.; CRC HEALTH GROUP, INC.;

13 | PACIFIC SHORES RECOVERY; OCEAN RECOVERY, LLC;

14 | BALBOA HORIZONS RECOVERY

15 | SERVICES, LP; NEWPORT COAST RECOVERY, LP; THE

16 | KRAMER CENTER AT NEWPORT

17 | BEACH; THE SHORES TREATMENT AND RECOVERY;

18 | MIRAMAR HEALTH, INC.;

19 | NARCANON SOUTHERN CALIFORNIA,

20

21 |         Defendants and Cross-Defendants.

22

23

24 |     Defendants Sober Living By The Sea, Inc., a California corporation

25 | and CRC Health Corporation, a Delaware corporation (erroneously sued

26 | herein as CRC Health Group Inc.) (collectively "SLBTS") responds herewith

27 | to the First Amended Verified Petition for Writ of Mandate and Complaint by

28 | plaintiff Concerned Citizens of Newport Beach ("CCNB") for themselves

2

1   alone:

2   <u>THE PARTIES</u>

3   1.   In response to the allegations of paragraph 1, SLBTS admits
4   CCNB is a nonprofit mutual public benefit corporation under California law.
5   With respect to the balance of paragraph 1, SLBTS is without sufficient
6   knowledge or information to form a belief as to the truth thereof and on that
7   basis denies each and every allegation therein.

8   2.   SLBTS admits the allegations of paragraph 2.

9   3.   SLBTS admits the allegations of paragraph 3.

10   4.   With respect to the allegations in paragraphs 4, 7, 8, 9, 10, 11,
11   12, 13, 14 and 15 SLBTS is informed and believes such allegations to be
12   true and based thereon admits them.

13   5.   SLBTS admits the allegations of paragraph 5.

14   6.   SLBTS admits the allegations of paragraph 6.

15   7.   In response to the allegations of paragraph 16, SLBTS admits
16   that it leases facilities in Newport Beach from a number of lessors.  With
17   respect to other service providers, SLBTS is without sufficient knowledge or
18   information to form a belief as to the truth thereof and on that basis denies
19   all allegations in said paragraph relating to other defendant providers.

20   8.   In response to the allegations of paragraph 17, SLBTS is
21   without knowledge or information sufficient to form a belief as to the truth
22   thereof and on that basis denies each and every allegation therein.

23   **GENERAL ALLEGATIONS**

24   <u>State Regulation of Residential Care Facilities</u>

25   9.   In response to paragraph 18, SLBTS admits that state law
26   requires certain alcoholism and drug abuse recovery facilities to be
27   licensed by the Department of Alcohol and Drug Programs ("ADP").

28   10.   In response to the allegations of paragraph 19, SLBTS admits

3

1   that it contains a partial quotation of California Health and Safety Code
2   Section 1183402(a).  Except as expressly admitted herein, each and every
3   allegation in paragraph 19 is denied.

4        11.   In response to the allegations of paragraph 20, SLBTS admits
5   that said paragraph contains a partial quotation from the Code of California
6   Regulations relating to recovery facilities licensed by ADP.  Except as
7   expressly admitted herein, each and every allegation in paragraph 20 is
8   denied.

9        12.   In response to the allegations of paragraph 21, it is admitted
10  that said paragraph contains a partial quotation from California Health and
11  Safety Code Section 11834.26.  Except as specifically admitted herein,
12  each and every allegation in paragraph 21 is denied.

13       13.   In response to the allegations of paragraph 22, it is admitted
14  that said paragraph contains partial quotations from California Health and
15  Safety Code Sections 11834.30 and 11834.09.  Except as expressly
16  admitted herein, each and every allegation of paragraph 22 is denied.

17       14.   In response to the allegations of paragraph 23, it is admitted
18  that said paragraph contains a partial quotation from California Health and
19  Safety Code Section 11834.23 and it is affirmatively alleged in connection
20  therewith that such facility must be treated as a single-family residence for
21  purposes of municipal regulation and all other such regulation is preempted
22  by the State.  Except as expressly admitted herein, each and every
23  allegation of paragraph 23 is denied.

24       15.   In response to the allegations of paragraph 24, SLBTS admits
25  that said paragraph contains a quotation from City's zoning ordinance in
26  existence prior to enactment of Ordinance No. 2008-5.  Except as
27  expressly admitted herein, each and every allegation of paragraph 24 is
28  denied.

4

1    16.   In response to the allegations of paragraph 25, SLBTS admits
2  that said paragraph quotes a portion of the zoning ordinance of the City of
3  Newport Beach ("City") prior to the effective date of Ordinance No. 2008-5.
4  Except as expressly admitted herein, each and every allegation of
5  paragraph 25 is denied.

6    17.   In response to the allegations of paragraph 26, SLBTS admits
7  that said paragraph is an accurate statement of the zones in which
8  Residential Care, Limited and Residential Care, General uses were
9  permitted prior to the effective date of Ordinance No. 2008-5.  Except as
10  expressly admitted herein, each and every allegation of paragraph 26 is
11  denied.

12    18.   In response to the allegations of paragraph 27, SLBTS admits
13  that said paragraph contains a quotation from the zoning ordinance in
14  existence prior to the enactment of Ordinance No. 2008-5.  Except as
15  expressly admitted herein, each and every allegation of paragraph 27 is
16  denied.

17    19.   In response to the allegations of paragraph 28, it is admitted
18  that said paragraph contains a partial quotation from the zoning ordinance
19  in effect prior to the enactment of Ordinance No. 2008-5.  Except as
20  specifically admitted herein, each and every allegation of paragraph 28 is
21  denied.

22    20.   In response to the allegations of paragraph 29, it is admitted
23  that said paragraph contains a quotation from a City ordinance in effect
24  prior to the enactment of Ordinance No. 2008-5.  Except as specifically
25  admitted herein, each and every allegation of paragraph 29 is denied.

26    21.   In response to the allegations of paragraph 30, SLBTS admits
27  that City should be knowledgeable about state law concerning regulation of
28  alcohol or drug abuse recovery and treatment centers, including those

1   provisions of state law which preempt local regulation, and should comply
2   with them.  Except as specifically admitted herein, each and every
3   allegation of paragraph 30 is denied.

4       22.    The allegations of paragraphs 31, 32, 33, 34 and 35 are denied.

5       23.    In response to the allegations of paragraph 36. it is admitted
6   that City has claimed that several areas have an "overconcentration" of
7   residential care facilities which claim has been the basis of the
8   discriminatory Ordinance No. 8-2008-5 and it is further admitted that the
9   City claims that it has a "disproportionate" number of such facilities
10  compared to its population.  With respect to the balance of said paragraph,
11  SLBTS is without knowledge or information sufficient to form a belief as to
12  the truth thereof and on that basis denies each and every allegation
13  therein.

14      24.    In response to the allegations of paragraph 37, SLBTS admits
15  that the City's ability to regulate Residential Care Facilities is significantly
16  limited by application of state and federal laws.  Except as expressly
17  admitted herein, each and every allegation of paragraph 37 is denied.

18      25.    SLBTS admits the allegations of paragraph 38.

19      26.    In response to the allegations of paragraph 39, SLBTS admits
20  that prior to the effective date of Ordinance No. 2008-5 a Federal Exception
21  Permit was required for Residential Care Facilities with seven or more
22  residents and it is further admitted that SLBTS neither applied for nor was
23  issued such a permit because it was not subject to that provision of the
24  former ordinance.  Except as expressly admitted herein, each and every
25  other allegation of paragraph 39 is denied.

26      27.    In response to the allegations of paragraph 40, SLBTS admits
27  that the City enforced certain Municipal Code requirements against facilities
28  operated by SLBTS in a discriminatory manner.  With respect to the

1  balance of said paragraph 40 SLBTS is without knowledge or information
2  sufficient to form a belief and on that basis denies each and every
3  allegation contained therein.

4       28.   The allegations contained in paragraph 41 42, 43, 44 and 45
5  are denied.

6       29.   In response to the allegations of paragraph 46, SLBTS admits
7  that it contains a quotation from the City's former Municipal Code Section
8  20.05.030.  With respect to the balance of the paragraph SLBTS is without
9  sufficient knowledge or information to form a belief as to the truth of the
10  allegations contained in said paragraph and on that basis denies each and
11  every allegation contained therein.

12       30.   In response to the allegations of paragraph 47, SLBTS admits it
13  contains a quotation from the City's former Municipal Code Section
14  20.05.040.  With respect to the balance of the paragraph SLBTS is without
15  sufficient knowledge or information to form a belief as to the truth of the
16  allegations contained in said paragraph and on that basis denies each and
17  every allegation contained therein.

18       31.   The allegations of paragraph 48 are denied.

19       32.   In response to the allegations of paragraph 49, SLBTS is
20  without sufficient knowledge or information to form a belief as to the truth of
21  the allegations contained in said paragraph and on that basis denies each
22  and every allegation contained therein.

23       33.   In response to the allegations of paragraph 50, SLBTS is
24  without sufficient knowledge or information to form a belief as to the truth of
25  the allegations contained in said paragraph and on that basis denies each
26  and every allegation contained therein.

27       34.   In response to the allegations of paragraph 51, SLBTS is
28  without sufficient knowledge or information to form a belief as to the truth of

1  the allegations contained in said paragraph and on that basis denies each

2  and every allegation contained therein.

3       35.    The allegations of paragraph 52 are denied.

4       36.    The allegations of paragraphs 53, 54 and 55 are admitted.

5       37.    In response to the allegations of paragraph 56 it is admitted that

6  certain changes were made in the ordinances regulating residential care

7  facilities in 2004 to bring the Ordinance into conformity with applicable state

8  and federal law.  Except as specifically admitted herein, each and every

9  allegation of paragraph 56 is denied.

10      38.    In response to the allegations of paragraph 57, SLBTS is

11 without knowledge or information sufficient to form a belief as to the truth of

12 the allegations contained in said paragraph and on that basis denies each

13 and every allegation contained therein.  In connection therewith SLBTS

14 affirmatively alleges that City was prohibited from "managing" SLBTS

15 facilities licensed by ADP as if they were a "business."

16      39.    The allegations of paragraphs 58 and 59 are denied.

17      40.    In response to the allegations of paragraph 60, it is admitted

18 that the City has claimed areas where residential care facilities are located

19 have become "institutionalized" and alleged various adverse impacts based

20 upon anecdotal evidence and an inadequate survey report, which claims

21 are a pretext for adoption of a discriminatory ordinance, No. 2008-5.

22 Except as specifically admitted herein, each and every allegation of

23 paragraph 60 is denied.

24      41.    In response to the allegations contained in paragraph 61,

25 SLBTS admits that its residential care facilities did not obtain Use Permits

26 under the former Ordinance because such permits were not required by

27 preemptive state and federal law.  Except as specifically admitted herein,

28 each and every allegation of paragraph 61 is denied.

8

1       42.    The allegations of paragraph 62 are denied.

2       43.    In response to the allegations of paragraph 63, SLBTS admits
3    that a number of individuals, including those who are members of and
4    directing plaintiff herein, demanded that the City substantially reduce or
5    eliminate all residential care facilities within the City based on a
6    discriminatory animus against disabled persons in recovery from alcohol or
7    drug addiction. Except as expressly admitted herein, each and every
8    allegation of paragraph 63 is denied.

9       44.    The allegations of paragraph 64 are admitted.

10      45.    In response to the allegations of paragraph 65, SLBTS admits
11   that in March 2007 the City sponsored a conference to which it invited
12   various other cities for the avowed purpose of regulating residential care
13   facilities with discriminatory intent and declined to invite persons from the
14   recovery community or providers of recovery services such as SLBTS to
15   contribute their knowledge or information. Except as specifically admitted
16   herein, each and every allegation of paragraph 65 is denied.

17      46.    In response to the allegations of paragraph 66, SLBTS admits
18   that a number of City residents, including some who are members of or
19   active in the direction of plaintiff herein demanded a moratorium on
20   establishment of new residential care facilities as part of carrying out their
21   discriminatory plan to eliminate all such facilities within the City. Except as
22   expressly admitted herein, each and every allegation of paragraph 66 is
23   denied.

24      47.    The allegations of paragraph 67 are admitted.

25      48.    In response to the allegations of paragraph 68, SLBTS admits
26   that a number of residents of City, including those who are members of or
27   active in the direction of plaintiff herein, continued to demand more and
28   stricter regulation of facilities such as those operated by SLBTS with the

1  discriminatory intent of eliminating such facilities for use of handicapped
2  persons, and made numerous suggestions and demands in that respect.
3  Except as specifically admitted herein, each and every allegation of
4  paragraph 68 is denied.

5       49.   The allegations of paragraph 69 are admitted.

6       50.   In response to the allegations of paragraph 70, SLBTS admits
7  that various residents, including those who are members of or active in
8  plaintiff herein, attended a hearing before the Planning Commission on
9  August 23, 2007 and continued to express their demands for adoption of an
10  ordinance which would have a discriminatory impact on the disabled,
11  including dispersal of facilities.  Except as admitted herein, each and every
12  allegation of paragraph 70 is denied.

13       51.   In response to the allegations of paragraph 71, SLBTS admits
14  that various residents, including those who are members of or active in
15  plaintiff herein, attended a hearing before the Planning Commission on
16  September 20, 2007 and continued to express their demands for adoption
17  of an ordinance which would have a discriminatory impact on the disabled,
18  including dispersal of facilities.  Except as expressly admitted herein, each
19  and every allegation of paragraph 71 is denied.

20       52.   In response to the allegations of paragraph 72, SLBTS admits
21  that the Planning Commission recommended adoption of an ordinance
22  which included a 1,000 ft. dispersal requirement and other special
23  requirements for residential care facilities which were discriminatory on
24  their face against the handicapped, and represented an adoption by the
25  City of the discriminatory animus expressed by various residents including
26  members of plaintiff herein.  Except as expressly admitted herein, each and
27  every allegation of paragraph 72 is denied.

28       53.   The allegations of paragraph 73 are admitted.

1    54.    In response to the allegations of paragraph 74, it is admitted
2    that public hearings were held on December 11 and December 18, 2007
3    before the City Council at which various residents, some of whom are
4    members of plaintiff herein, demanded improper and unlawful regulation of
5    SLBTS facilities based upon discriminatory animus, including facially
6    unlawful requirement of reducing "overconcentration" in violation of Ninth
7    Circuit authority.  Except as admitted herein, each and every allegation of
8    paragraph 74 is denied.

9    55.    In response to the allegations of paragraph 75, SLBTS admits
10   that on January 8, 2008 the City Council voted to introduce Ordinance No.
11   2008-05, and in so doing adopted the discriminatory animus against the
12   handicapped expressed at this meeting by various residents, including
13   some who are members of plaintiff.

14   56.    In response to the allegations of paragraph 76, it is admitted
15   that on January 22, 2008, the City Council voted to adopt Ordinance No.
16   2008-5, and in so doing adopted the discriminatory animus against the
17   handicapped expressed at this meeting and previously by various
18   residents, including some who are members of plaintiff.

19   57.    The allegations of paragraph 77 are admitted.

20   58.    In response to the allegations of paragraph 78, SLBTS admits
21   that Ordinance No. 2008-5 contains an unlawful definition of integral
22   facilities and integral uses, unlawfully restricts zones within which new
23   facilities may be located and requires existing facilities to obtain a Use
24   Permit within 90 days of its effective date.  It is further admitted that
25   Ordinance 2008-5 unlawfully provides an unduly short abatement provision
26   for uses made non-conforming by the Ordinance.  Except as specifically
27   admitted herein, each and every allegation in paragraph 78 is denied.

28   59.    In response to the allegations of paragraph 79, it is admitted

11

1 | that Ordinance No. 2008-5 does not specifically require a 1,000-foot
2 | dispersal requirement and instead substitutes an unlawful administrative
3 | process procedure which denies due process to achieve the same unlawful
4 | goal of dispersal.  Except as specifically admitted herein, each and every
5 | allegation in paragraph 79 is denied.

6 |     60.   In response to the allegations of paragraph 80, SLBTS is
7 | without sufficient knowledge or information to form a belief as to the truth of
8 | the allegations contained in said paragraph and on that basis denies each
9 | and every allegation contained therein.

10 |     61.   In response to the allegations of paragraph 81, SLBTS is
11 | without sufficient knowledge or information to form a belief as to the truth of
12 | the allegations contained in said paragraph and on that basis denies each
13 | and every allegation contained therein.

14 |     62.   In response to the allegations of paragraph 82 it is admitted that
15 | the legislative findings and the standards set forth in Ordinance 2008-5 are
16 | pretextual for the purpose of justifying the discriminatory basis of the
17 | ordinance.  Except as specifically admitted herein, each and every
18 | allegation of paragraph 82 is denied.

19 |     63.   The allegations of paragraph 83 are admitted.

20 |     64.   The allegations of paragraph 84 are denied.

21 |     65.   In response to the allegations of paragraph 85, SLBTS is
22 | without sufficient knowledge or information to form a belief as to the truth of
23 | the allegations contained in said paragraph and on that basis denies each
24 | and every allegation contained therein.

25 |     66.   In response to the allegations of paragraph 86, SLBTS is
26 | without sufficient knowledge or information to form a belief as to the truth of
27 | the allegations contained in said paragraph and on that basis denies each
28 | and every allegation contained therein.

67. In response to the allegations of paragraph 87, SLBTS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

68. In response to the allegations of paragraph 88, SLBTS admits that members of plaintiff have made numerous unfounded complaints to the City's police department relating to recovery facilities and it is further admitted that the number of calls for police service to such facilities is below the average number of such calls for any other type of residence. Except as specifically admitted herein, each and every allegation of paragraph 88 is denied.

69. In response to the allegations of paragraph 89, SLBTS admits that the City's Fire Department and other City personnel have engaged in illegal and discriminatory enforcement of the Fire Code and building codes and it is further admitted that various members of plaintiff have made specious and unfounded complaints concerning alleged building code violations at SLBTS facilities. Except as specifically admitted each and every allegation of paragraph 89 is denied.

70. In response to the allegations of paragraph 90 it is admitted that the City's Fire Department and other City personnel have engaged in illegal and discriminatory enforcement of the Fire Code and other building codes and it is further admitted that various members of plaintiff have made specious and unfounded complaints concerning alleged violations at SLBTS facilities. Except as specifically admitted herein, each and every allegation of paragraph 90 is denied.

71. In response to the allegations of paragraph 91, it is admitted that the City's conduct in adopting a facially discriminatory ordinance and in engaging in discriminatory enforcement of the building code constitutes an

1 | unlawful use of public services related to health and safety.  Except as

2 | specifically admitted herein, each and every allegation of paragraph 91 is

3 | denied.

4 |     72.    In response to the allegations of paragraph 92, SLBTS

5 | incorporates herein its responses to the allegations in paragraph 1 through

6 | 71 above.

7 |     73.    The allegations of paragraph 93 are denied.

8 |     74.    In response to the allegations of paragraph 94, SLBTS admits

9 | that various members of plaintiff and other members of the public

10 | participated in public hearings and expressed their discriminatory animus

11 | toward the handicapped in demanding unlawful regulation of the facilities

12 | operated by SLBTS and that such unlawful discriminatory animus was

13 | adopted by the City Council in their enactment of Ordinance No. 2008-5.

14 | Except as expressly admitted herein, each and every allegation of

15 | paragraph 94 is denied.

16 |     75.    In response to the allegations of paragraph 95, SLBTS admits

17 | that various members of plaintiff participated in public hearings demanding

18 | the unlawful requirements set forth in said paragraph and it is alleged in

19 | connection therewith that such demands reflect the discriminatory animus

20 | of said persons which in turn was adopted by the City Council in enactment

21 | of Ordinance No. 2008-5.  Except as expressly admitted herein, each and

22 | every allegation of paragraph 95 is denied.

23 |     76.  In response to the allegations of paragraph 96, SLBTS admits

24 | that plaintiff submitted a demand letter to City dated October 9, 2007,

25 | containing demands for unlawful provisions in any proposed ordinance

26 | relating to recovery facilities.  With respect to the balance of said paragraph

27 | SLBTS is without knowledge or information sufficient to form a belief as to

28 | the truth thereof and on that basis denies each and every allegation

14

1   contained therein.

2        77.   In response to the allegations of paragraph 97, SLBTS is
3   without sufficient knowledge or information to form a belief as to the truth of
4   the allegations contained in said paragraph and on that basis denies each
5   and every allegation contained therein.

6        78.   In response to the allegations of paragraph 98, SLBTS is
7   without sufficient knowledge or information to form a belief as to the truth of
8   the allegations contained in said paragraph and on that basis denies each
9   and every allegation contained therein.

10                          **FIRST CAUSE OF ACTION**

11       79.   No response is made by SLBTS to the first cause of action
12   consisting of paragraphs 99 through 105 inclusive since it does not purport
13   to state a claim against SLBTS.

14                        **SECOND CAUSE OF ACTION**

15       80.   In response to the allegations of paragraph 106, SLBTS
16   incorporates its responses to the allegations of paragraphs 1 through 79
17   above.

18       81.   In response to the allegations of paragraph 107, SLBTS admits
19   that a judicial determination of the validity of Ordinance No. 2008-5 is
20   appropriate and further admits that City has a duty to comply with state and
21   federal law.  Except as specifically admitted herein, each and every
22   allegation in said paragraph is denied.

23       82.   In response to the allegations of paragraph 108, SLBTS admits
24   that the parties hereto are entitled to a declaratory judgment setting forth
25   their respective rights and duties.  Except as specifically admitted herein,
26   each and every allegation in paragraph 108 is denied.

27                         **THIRD CAUSE OF ACTION**

28       83.   No response is made by SLBTS to the Third Cause of Action

1  consisting of paragraphs 109 through 129 since it does not purport to state
2  a claim against SLBTS.

3  ## FOURTH CAUSE OF ACTION

4      84.   No response is made by SLBTS to the Fourth Cause of Action
5  consisting of paragraphs 130 through 135 since it does not purport to state
6  a claim against SLBTS.

7  ## FIFTH CAUSE OF ACTION

8      85.   In response to the allegations of paragraph 136, SLBTS
9  incorporates by reference its responses set forth in paragraph 1 through 84
10  above.

11      86.   The allegations of paragraphs 137, 138, 139, 140 and 141 are
12  denied.

13      87.   In response to the allegations of paragraph 142, SLBTS admits
14  that many members of plaintiff have unlawfully demanded regulation the
15  City has no authority to enact, and which would be in violation of state and
16  federal laws protecting the handicapped.  Except as specifically admitted
17  herein, each and every allegation of paragraph 142 is denied.

18  ## SIXTH CAUSE OF ACTION

19      88.   In response to the allegations of paragraph 143, the responses
20  of SLBTS set forth in paragraphs 1 through 87above are incorporated
21  herein by reference.

22      89.   In response to the allegations of paragraph 144, SLBTS admits
23  that said paragraph is an accurate quotation of California Civil Code
24  Section 3480.

25      90.   In response to the allegations of paragraph 145, SLBTS admits
26  that said paragraph is an accurate statement of the general law defining a
27  public nuisance.

28      91.   In response to the allegations of paragraph 146, SLBTS admits

1  that said paragraph sets forth the elements for a cause of action for public
2  nuisance.

3        92.    In response to the allegations of paragraph 147,  SLBTS admits
4  it is obligated to comply with applicable provisions of the City's Municipal
5  Code that are equally applicable and enforced against single-family
6  residences with respect to its facilities.  Except as specifically admitted
7  herein, each and every allegation of paragraph 147 is denied.

8        93.    In response to allegations in paragraph 148, SLBTS admits that
9  said paragraph sets forth an accurate statement of Municipal Code Section
10 10.50.020(I).

11       94.    In response to the allegations of paragraph 149, SLBTS admits
12 that said paragraph contains a quotation from Municipal Code Section
13 10.50.020(K) and denies that such conduct has occurred on SLBTS
14 premises.

15       95.    The allegations of paragraphs 150, 151, 152, 153, 154, 155,
16 156, 157 and 158 are denied.

17                     **DAMAGES AND ATTORNEY'S FEES**

18       96.    The allegations of paragraph 159 are denied.

19       97.    In response to the allegations of paragraph 160, SLBTS admits
20 that issuance of a declaratory judgment is sought by SLBTS in its related
21 action, <u>Sober Living By The Sea v. City of Newport Beach</u>, 08-CV -00200-
22 JVS(RNBx) which will result in enforcement of an important right affecting
23 the public interest.   Except as expressly admitted herein, each and every
24 allegation of paragraph 160 is denied.

25       98.    In response to the allegations of paragraph 161, SLBTS admits
26 City's conduct in the discriminatory enforcement of its building codes and
27 adoption of Ordinance No. 2008-05 was arbitrary and capricious and
28 motivated by discriminatory intent and it is further admitted that adoption of

                                    17

1   Ordinance No. 2008-05 by City Council was in response to the

2   discriminatory animus of members of plaintiff.  Except as expressly

3   admitted herein, each and every allegation of paragraph 161 is denied.

4       99.    In response to the allegations of paragraph 162, SLBTS admits

5   that the City and the City Council have violated the constitutional rights and

6   statutory rights of SLBTS and residents of its facilities by its discriminatory

7   enforcement of building codes and adoption of Ordinance No. 2008-05.

8   Except as expressly admitted herein, each and every allegation of

9   paragraph 162 is denied.

10              **FIRST AFFIRMATIVE DEFENSE**

11      100.  The Complaint and each cause of action set forth therein fails

12  to state a claim upon which relief can be granted.

13             **SECOND AFFIRMATIVE DEFENSE**

14      101.  Plaintiff has no standing to pursue the Complaint or any one or

15  more of the causes of action therein.

16              **THIRD AFFIRMATIVE DEFENSE**

17      102.  At all relevant times, SLBTS operated its facilities pursuant to

18  governmental permission and under authority of law.

19             **FOURTH AFFIRMATIVE DEFENSE**

20      103.  Plaintiff is barred by the statute of limitations.

21              **FIFTH AFFIRMATIVE DEFENSE**

22      104.  Plaintiff has failed to exhaust its administrative remedies.

23              **SIXTH AFFIRMATIVE DEFENSE**

24      105.  Plaintiff is legally culpable for any damage under the doctrine of

25  comparative negligence.

26             **SEVENTH AFFIRMATIVE DEFENSE**

27      106.  Plaintiff is estopped.

28

## EIGHTH AFFIRMATIVE DEFENSE

107.  Plaintiff has exercised its rights.

## NINTH AFFIRMATIVE DEFENSE

108.  The actions of SLBTS were not the cause of any damage to plaintiff.

## TENTH AFFIRMATIVE DEFENSE

109.  Plaintiff's claims are or may become b arred by the doctrine of res judicata or collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

110.  Plaintiff's claims should be barred in whole or in part under the doctrine of laches and unclean hands.

## PRAYER

For the reasons set forth above SLBTS prays:

a.    That the Complaint be dismissed with prejudice as to any claims for damages or injunctive relief.

b.    That a declaratory judgment be entered determining Ordinance No. 2008-5 is invalid.

c.    For costs of suit and attorneys' fees incurred herein;

d.    For such other and further relief as the Court deems just.

DATED:  April 14, 2008      RICHARD R. TERZIAN
ROBERT J. TYSON
BANNAN, FRANK & TERZIAN LLP


By____**/S/ROBERT J. TYSON**____
RICHARD R. TERZIAN
ROBERT J. TYSON
Attorneys for
Defendants CRC Health Corporation
and Sober Living By The Sea, Inc.

19